UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| LUKE RAY SCHUCHARDT,<br><br>    Plaintiff,<br><br>vs.<br><br>CRAIG SOUSA, in his individual and official capacity; RYAN POLLARD, in his individual and official capacity; and CITY OF BOISE, IDAHO,<br><br>    Defendants. | Case No.: 1:24-cv-00039-BLW<br><br>**ORDER RE: SETTLEMENT CONFERENCE** |

IT IS HEREBY ORDERED that a settlement conference shall be conducted by the Honorable Raymond E. Patricco, U.S. Magistrate Judge for the District of Idaho, on **10/29/25 at 9:00 a.m. (Mountain Time)** via Zoom.  The Court will require each party and their counsel to come to the Settlement Conference as follows:

1. Counsel for all parties shall confer by telephone conference call prior to the Settlement Conference to narrow and/or resolve issues with the goal of facilitating settlement.

2. Prior to the Settlement Conference, counsel for all parties shall exchange reasonable offers of settlement and be prepared to advise the Court of the offers extended and the correlating responses to each offer made.

3. All parties and their counsel shall come to the Settlement Conference prepared with a reasonable plan to resolve and fully settle the instant action.  In sum, counsel and parties will be expected to participate in the Settlement Conference with a mindset, attitude, and creative approach of being problem-solvers.

4. By **10/15/25**, each party shall prepare and submit to the Court a candid summation of its assessment of the strengths of its case and the strengths of the opposing party's case.  The

**ORDER RE: SETTLEMENT CONFERENCE - 1**

**confidential** summation shall be submitted **in camera** to Judge Patricco at 550 W. Fort Street, Boise, ID 83724 or via email to REP_Orders@id.uscourts.gov.  Further, the Court requests that each party set forth specific reasons why the case should settle.  Except in unusual cases, the summation should not exceed ten pages.  The summation should include a review of the facts, elements of the claims, provable damages, the party's assessment of its probability of prevailing on any disputed facts, and a brief discussion of any legal authority the party contends would materially enhance its position at trial.  The settlement summation should include a history of past settlement negotiations and the reasonable and realistic settlement value, if any, the party presently places on the litigation.  **Failure to timely submit the summation may result in the settlement conference being vacated.**  (See attached questionnaire for requested information).

5. All parties shall be **personally present** and must be represented by lead or chief counsel authorized to participate in settlement negotiations.  In the case of businesses, corporations, governmental entities, etc., a representative for every party with **full settlement authority** must be **personally present** at the settlement conference.  If any of the parties are appearing or defending the action under an insurance agreement, an insurance company representative **fully authorized** to settle the case must be **personally present** at the settlement conference.  In sum, **all** parties in this matter necessary to conduct an effective settlement conference shall be personally represented by someone in attendance at the settlement conference with full settlement authority.

6. Counsel shall be knowledgeable about the facts of the case and be prepared to candidly discuss the same with the settlement judge.

7. All information provided to and communications with the settlement judge shall be held in confidence.

**ORDER RE: SETTLEMENT CONFERENCE - 2**

8.  All oral statements, written documents, or other materials considered during the settlement procedure shall be held in confidence and may not be used in any way against any party to this litigation.

9.  Pursuant to D. Id. L. Civ. R. 16.4(b), none of the matters or information discussed during the conference will be communicated to the trial judge.

10. **Telephonic Status Conference**: Judge Patricco will conduct a telephonic/Zoom status conference with the parties on **10/27/25** at Click at **10:00 a.m.** mountain time for the purpose of discussing settlement conference procedure and other preliminary matters. Counsel will receive a link to connect to the conference via separate email notification.



DATED: September 17, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER RE: SETTLEMENT CONFERENCE - 3**

<u>SETTLEMENT CONFERENCE QUESTIONNAIRE</u>

1. Statement of facts pertinent to settlement.

2. Elements of the claims.

3. Plaintiff's theories of recovery if not obvious.

4. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant.

5. Damages – Plaintiff should list the specials incurred and claimed. Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List special and general damages separately. Defendant should list what is claimed to be a reasonable amount where items are contested.

6. Summarize the bona fide disputes regarding damages.

7. Weaknesses.

8. Plaintiff's evaluation of fair settlement.

9. Defendant's evaluation of fair settlement.

10. May the Court disclose these figures to the opposing party at the commencement of the conference?

11. If Plaintiff recovers a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations?

12. Are there viable sources from whom Defendant may seek contribution?

13. The law on recovery of attorney's fees.

14. Do you feel the other party has negotiated in good faith?

15. Does either party have client problems which affect these negotiations?

16. Do client and attorney disagree on the settlement value?

17. What factors not discussed above have hampered settlement negotiations?

18. State your opinion as to the bona fide chance for settlement in this matter.

**ORDER RE: SETTLEMENT CONFERENCE - 4**

19. Are there legal questions which effectively bar serious settlement negotiations?

20. Are mediation or arbitration of certain areas or the entire matter viable options?

21. Do Defendants (if more than one) want separate or joint conferences with the judge when Plaintiff(s) is excluded?

22. Do Plaintiffs (if more than one) want separate or joint conferences with the judge when Defendant(s) is excluded?

23. Expenses of litigation – (1) to date; and (2) estimate of present to conclusion.

**ORDER RE: SETTLEMENT CONFERENCE - 5**