Tyler D. Williams     [ISB No. 8512]
Reid K. Peterson      [ISB No. 10091]
NELSON | WILLIAMS
Attorneys at Law
999 W. Main Street, Suite 500
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: tyler@nelsonwilliamslaw.com; reid@nelsonwilliamslaw.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUKE RAY SCHUCHARDT,<br><br>    Plaintiff,<br><br>v.<br><br>CRAIG SOUSA, in his individual and official capacity; RYAN POLLARD, in his individual and official capacity; and CITY OF BOISE, IDAHO,<br><br>    Defendants. | Case No: 1:24-cv-00039-BLW<br><br>**STIPULATION FOR 90-DAY STAY PURSUANT TO SETTLEMENT AGREEMENT** |

The parties, through their respective counsel, hereby stipulate to and request that the Court stay proceedings in this case (including all pending motion and response deadlines) for 90 days, on the basis of the parties' settlement agreement, attached hereto as Exhibit A, and to allow performance of that agreement so that this case may be dismissed.

DATED this 10th day of November, 2025.

                                      NELSON | WILLIAMS


                                    By:*/s/ Reid K. Peterson*
                                      REID K. PETERSON, Of the Firm
                                      Attorneys for Defendants

**STIPULATION FOR 90-DAY STAY - 1.**

                    LAW OFFICE OF PETE WOOD

By: */s/ Pete Wood*
    PETE WOOD, Of the Firm
    Attorney for Plaintiff

ERTZ LAW, PLLC

By: */s/ Brian Ertz*
    BRIAN A. ERTZ, Of the Firm
    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 10th day of November, 2025, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person:

- Pete Wood   petewoodlaw@gmail.com
  *Attorney for Plaintiff*

- Brian A. Ertz   brian@ertzlaw.com
  *Attorney for Plaintiff*

                */s/ Reid K. Peterson*
                REID K. PETERSON

**STIPULATION FOR 90-DAY STAY - 2.**

## CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT

This Conditional Release and Settlement Agreement ("Agreement") is made and entered into by Luke Ray Schuchardt ("Plaintiff") and Craig Sousa, Ryan Pollard, and the City of Boise (collectively "Defendants"). Plaintiff and Defendants are collectively referred to as the "Parties." The Effective Date of this Agreement will be the last signature date.

## RECITALS

A. Plaintiff filed a Complaint in the United States District Court for the District of Idaho, Case No. 1:24-cv-00039-BLW (the "Lawsuit"), alleging that Defendants violated Plaintiff's constitutional rights during an investigative stop on March 4, 2022. Specifically, Plaintiff alleged that Defendants subjected him to an unlawful seizure and that the City's disorderly conduct ordinance, Boise City Code § 5-2-3(A)(2), is unconstitutionally vague under the Fourteenth Amendment to the United States Constitution.

B. The City acknowledges that in Senior District Judge B. Lynn Winmill's August 25, 2025 Memorandum Decision and Order, the Court ruled that Boise City Code § 5-2-3(A)(2) does not provide sufficient standards to prevent arbitrary enforcement and is therefore unconstitutionally vague.

C. The Defendants will, subject to the terms and conditions of this Agreement, pay Plaintiffs the amount set forth in this Agreement in full settlement of the Lawsuit.

D. The Parties acknowledge that if the conditions set forth in this Agreement are satisfied, it is their intent and agreement to discharge the other Party or Parties of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever which the Party or Parties now have on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen damages or injuries of any type, whether bodily, personal, constitutional, property, or of any nature however characterized, and the consequences resulting from any claims or actions, and from any and all liability to the other Party, as set forth herein.

E. It is understood and agreed by Plaintiff that this settlement is the compromise of disputed claims, and that this Agreement is not to be construed as an admission of liability on the part of the Defendants hereby released, and that said Defendants deny liability therefore and intend merely to avoid further litigation.

CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT - 1.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants contained in this Agreement and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties agree as follows:

1. REPRESENTATIONS AND WARRANTIES.

   1.1 The following representations and warranties shall survive the execution of this Agreement and the completion of the settlement described herein:

   1.2 Plaintiff represents and warrants:

   i. That Plaintiff is the sole owner of the claims and causes of action released in this Agreement and has not sold, transferred, conveyed, or otherwise assigned any interest therein to any other person or entity, and that Plaintiff has all requisite authority and capacity to enter into this Agreement;

   ii. There are no other persons or entities who now have or may hereafter acquire Plaintiff's rights to proceed against Defendants on any of the claims and/or causes of action released in this Agreement; and

   iii. Plaintiff will not bring any further claims or suit against Defendants, including their agents, employers, insurers or assigns related to the events or occurrences that are the subject of the events in the Lawsuit.

   1.3 Plaintiff further declares and represents that no promise, inducement or agreement not herein expressed has been made to Plaintiff, and that this release contains the entire agreement between the Parties hereto, and that the terms of this release are contractual and not a mere recital.

   1.4 Defendants represent and warrant:

   i. That Defendants have all requisite authority to enter into this Agreement. The execution, delivery, and performance of this Agreement have been duly authorized as required by Title 50, Idaho Code.

   i. That Defendants are not aware of any other claims against it related to the claims subject to this Agreement.

2. CONDITIONAL SETTLEMENT TERMS AND CONDITIONS.

   2.1 The Settlement. The Parties agree to the following settlement terms in full settlement of Plaintiff's claims as described in the Recitals above:

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT - 2.**

    i.    City staff will present to the City Council, with a "do pass" recommendation, a repeal of Boise City Code § 5-2-3(A)(2). City staff will make the "do pass" recommendation to City Council as soon as practicable.

    ii.    The Parties will stipulate to stay this case for 90 days from the date of the Agreement. Executive Order 2025-01 pertaining to the non-enforcement of Boise City Code § 5-2-3(A)(2) will remain in place until Boise City Code § 5-2-3(A)(2) is repealed, upon which event Executive Order 2025-01 may be lifted.

    iii.    If within 90 days of agreement City Council has repealed Boise City Code § 5-2-3(A)(2), then Plaintiff will dismiss the Lawsuit with prejudice.

    iv.    Within 7 days of such a dismissal the City will pay Plaintiff's counsel $1.00 for Plaintiff's damages and $200,000.00 for Plaintiff's attorney fees and costs.

    v.    However, if the City Council does not repeal Boise City Code § 5-2-3(A)(2) within 90 days of the Agreement then either party may withdraw from the Agreement and litigation may resume.

2.2    <u>Release</u>. Upon dismissal of the lawsuit, the Parties release, acquit and forever discharge the other Party of Parties, their administrators, agents, employees, representatives, successors, insurers, indemnitors and assigns, and any person or persons acting for, by or through them, from any claims, actions, causes of action, appeals, demands, rights, damages, costs, attorney fees under state or federal law, loss of service, expense, and/or compensation whatsoever which the Parties now have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen damages, economic losses, and consequences thereof resulting or to result from the events and circumstances described in the Recitals above.

2.3    <u>Successors/Assigns</u>. This Agreement shall continue perpetually and shall be binding upon and inure to the benefit of the Parties' heirs, devisees, successors and assigns.

2.4    <u>Complete Agreement</u>. It is expressly understood and agreed that this Agreement constitutes the entire agreement and understanding of the Parties and supersedes any and all prior agreements, commitments, oral or written exchanges, arrangements, or negotiations between them and/or their representatives concerning the subject matter of this Agreement. The Parties state there are no promises, representations, agreements, arrangements or understandings, oral or written, concerning the subject matter of this Agreement that are not fully expressed or incorporated herein, and that the terms of this Agreement are contractual and not mere recitals.

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT - 3.**

2.5    <u>Disclaimer of Representations/Warranties</u>. Except as expressly set forth in this Agreement the Parties have not made and do not make any other representations, warranties, statements, promises, or agreements to or with each other. The Parties have relied upon their own investigation and due diligence into the facts as to their legal positions and are basing their decision to enter into this Agreement solely upon their own investigation and upon the advice of their own counsel and not upon any fact, position or statement made by the other party.

2.6    <u>Amendment/Modification</u>. This Agreement may not be amended, modified, altered, changed, rescinded, cancelled, terminated, or supplemented in any manner whatsoever except by agreement in writing signed by all Parties affected by such Agreement.

2.7    <u>Severability</u>. If any provision of this Agreement is or may be held by a Court of competent jurisdiction to be invalid, illegal, void, or otherwise unenforceable, such provision shall be severable from all the other provisions of this Agreement and the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

2.8    <u>Execution and Counterparts</u>. This Agreement may be executed in several counterparts, no one of which need be executed by all Parties, but each of which shall be an original and shall constitute but one and the same instrument. A faxed or scanned executed copy of this Agreement shall be sufficient and have the same force and effect as the original signed document.

2.9    <u>Construction/Interpretation</u>. The terms and provisions of this Agreement were arrived at by mutual negotiation. Moreover, this Agreement has been prepared by the joint efforts of the respective attorneys for the Parties. Consequently, any rule of construction that would require any ambiguities in this Agreement to be resolved against the drafting party shall not be applicable to the interpretation or construction of this Agreement.

2.10    <u>Headings</u>. Headings in this document are for the convenience of the Parties and shall not be used in construing this Agreement.

2.11    <u>Choice of Law</u>. The Parties agree that the interpretation of this Agreement, including any disputes arising out of this Agreement, shall be governed by Idaho law.

2.12    <u>Acknowledgements</u>. The Parties acknowledge and agree that:

    i. They have carefully read this Agreement;

    ii. They have relied solely upon their own judgment in deciding to execute this Agreement;

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT - 4.**

iii. They understand this Agreement and its terms and effects;

iv. They voluntarily execute this Agreement as their own free act; and

v. They have had adequate time to consult with legal counsel of their own choosing regarding all aspects of this Agreement prior to its execution.

**THE PARTIES HAVE READ THE FOREGOING RELEASE, FULLY UNDERSTAND IT AND UNDERSTAND THAT IT IS CONTRACTUALLY BINDING.**

*(Signature Pages to Follow)*

**CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT - 5.**

PLAINTIFF:

_____
Luke Ray Schuchardt

APPROVED AS TO FORM
Law Office of Pete Wood

_____
Pete Wood, Co-counsel for Plaintiff

CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT - 6.

DEFENDANTS:

*[signature]*

City of Boise, Craig Sousa, and Ryan Pollard
By: Bryan Knox, Sr. Manager Public Safety


APPROVED AS TO FORM
NELSON | WILLIAMS

*[signature]*

Reid K. Peterson, Of the Firm
Attorney for Defendants

CONDITIONAL RELEASE AND SETTLEMENT AGREEMENT - 7.